```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
```

MARQUIS COLLIER,

                                        **ANSWER TO COMPLAINT**

                Plaintiff,

        -against-                      **7:19-CV-5230 (KMK)(LMS)**

CITY OF MOUNT VERNON; MOUNT
VERNON POLICE DETECTIVE CAMILO R.      *Jury Trial Demanded*
ANTONINI; MOUNT VERNON POLICE
OFFICER ROBERT G. PUFF; and
MOUNT VERNON POLICE OFFICER
PATRICK KING

                        Defendants.
```
---------------------------------------------------------X
```

       Defendants THE CITY OF MOUNT VERNON, MOUNT VERNON POLICE DETECTIVE CAMILO R. ANTONINI; MOUNT VERNON POLICE OFFICER ROBERT G. PUFF; and MOUNT VERNON POLICE OFFICER PATRICK KING, by their attorneys, The Quinn Law Firm PLLC, for their Answer to Plaintiff's Complaint (the "Complaint"), respectfully allege, upon information and belief, as follows:

    **I.**        **LEGAL BASIS FOR CLAIM**

       1.       Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "I" of the Complaint, and respectfully refer all questions of law to the Court.

    **II.**       **PLAINTIFF INFORMATION**

       2.       Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "II" of the Complaint.

    **III.**      **PRISONER STATUS**

       3.       Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "III" of the Complaint.

## IV. DEFENDANT INFORMATION

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "IV(1)" of the Complaint, except admit only that The City of Mount Vernon is a municipal corporation incorporated under the laws of the State of New York.

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "IV(2)" of the Complaint, except admit only that Defendant Camilo R. Antonini is a Detective employed by the Mount Vernon Police Department.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "IV(3)" of the Complaint, except admit only that Defendant Robert G. Puff is a Police Officer employed by the Mount Vernon Police Department.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "IV(4)" of the Complaint except admit only that Defendant Patrick King is a Police Officer employed by the Mount Vernon Police Department.

## V. STATEMENT OF CLAIM

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "V (Place(s) of Occurrence)" of the Complaint.

9. Deny the allegations set forth in sentence number 1 of paragraph "V (FACTS)" of the Complaint.

10. Deny the allegations set forth in sentence number 2 of paragraph "V (FACTS)" of the Complaint.

11. Deny the allegations set forth in sentence number 3 of paragraph "V (FACTS)" of the Complaint.

12. Deny the allegations set forth in sentence number 4 of paragraph "V (FACTS)" of the Complaint.

13. Deny the allegations set forth in sentence number 5 of paragraph "V (FACTS)" of the Complaint, except admit only and further allege that a firearm was recovered in the vehicle in which Plaintiff was an occupant.

14. Deny the allegations set forth in sentence number 6 of paragraph "V (FACTS)" of the Complaint.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in sentence number 7 of paragraph "V (FACTS)" of the Complaint.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in sentence number 8 of paragraph "V (FACTS)" of the Complaint.

17. Deny the allegations set forth in sentence number 9 of paragraph "V (FACTS)" of the Complaint.

18. Deny the allegations set forth in sentence number 10 of paragraph "V (FACTS)" of the Complaint.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "V (INJURIES)" of the Complaint.

**VI.** **RELIEF**

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "VI" of the Complaint, and respectfully refer all questions of law to the Court.

### VII. PLAINTIFF'S CERTIFICATION AND WARNINGS

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "VII" of the Complaint, and respectfully refer all questions of law to the Court.

### AFFIRMATIVE DEFENSES

#### As and For a First Affirmative Defense

22. The Complaint fails to state a claim upon which relief may be granted.

#### As and For a Second Affirmative Defense

23. Plaintiff's damages, if any are proven, were not proximately caused by Defendants.

#### As and For a Third Affirmative Defense

24. The City of Mount Vernon is protected by the doctrine of municipal immunity.

#### As and For a Fourth Affirmative Defense

25. In the absence of an underlying constitutional violation, any Section 1983 claims fail as a matter of law.

#### As and For a Fifth Affirmative Defense

26. There was no unlawful arrest or unlawful imprisonment of Marquis Collier by any officers named in this suit.

#### As and For a Sixth Affirmative Defense

27. Plaintiff has failed to comply with New York General Municipal Law §§ 50(e), *et seq*.

#### As and For a Seventh Affirmative Defense

28. Defendants had probable cause to stop, detain and arrest Plaintiff.

**As and For an Eighth Affirmative Defense**

29. In the absence of an underlying constitutional violation, any municipal liability claim against the City of Mount Vernon fails as a matter of law.

**As and For a Ninth Affirmative Defense**

30. Any municipal liability claim against the City of Mount Vernon fails as a matter of law because no custom, policy or practice of the City of Mount Vernon- or failure to adopt any custom, policy or practice- proximately caused plaintiff's alleged injuries.

**As and For a Tenth Affirmative Defense**

31. Punitive damages are not available against the City of Mount Vernon.

**As and For an Eleventh Affirmative Defense**

32. Probable cause for the underlying stop and search existed.

**As and For a Twelfth Affirmative Defense**

33. At all times relevant hereto, Defendants acted in good faith and took appropriate action in the discharge of their official duties.

**As and For a Thirteenth Affirmative Defense**

34. Any injuries alleged to have been sustained by Plaintiff resulted from the culpable or negligent conduct of others and were not the proximate result of any act of Defendants.

**As and For a Fourteenth Affirmative Defense**

35. Any injuries alleged to have been sustained by Plaintiff resulted from the culpable or negligent conduct of Plaintiff and were not the proximate result of any act of Defendants.

**As and For a Fifteenth Affirmative Defense**

36. Defendants have not violated Plaintiff's constitutional, human, or

statutory rights.

### As and For a Sixteenth Affirmative Defense

37. Any and all officers named in this suit are protected by the doctrine of absolute immunity.

### As and For a Seventeenth Affirmative Defense

38. Any and all officers named in this suit are protected by the doctrine of qualified immunity.

### As and For an Eighteenth Affirmative Defense

39. Plaintiff failed to mitigate his alleged damages.

### As and For a Nineteenth Affirmative Defense

40. There was no malicious prosecution of Marquis Collier as probable cause existed.

**WHEREFORE,** Defendants, THE CITY OF MOUNT VERNON, MOUNT VERNON POLICE DETECTIVE CAMILO R. ANTONINI; MOUNT VERNON POLICE OFFICER ROBERT G. PUFF; and MOUNT VERNON POLICE OFFICER PATRICK KING, demand judgment:

I. Dismissing the Complaint in its entirety with prejudice;

II. An order awarding Defendants the costs, disbursements, expenses and reasonable attorney's fees incurred in defending this action and such other relief as this Court may deem just and proper.

Dated: White Plains, New York
      July 26, 2019

                              Respectfully submitted,

                              THE QUINN LAW FIRM

By:    *Steven Bushnell*
        Steven J. Bushnell (SB 4944)
        399 Knollwood Road, Suite 220
        White Plains, New York 10603
        Tel: (914) 997-0555
        Fax: (914) 997-0550
        sbushnell@quinnlawny.com