UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARQUIS COLLIER,

                       Plaintiff,

          -against-

CITY OF MOUNT VERNON *et al.*,

                       Defendants.

19-CV-5230 (KMK)

ORDER OF DISMISSAL

KENNETH M. KARAS, United States District Judge:

On May 31, 2019, Plaintiff filed his Complaint. (Dkt. No. 2.) On July 26, 2019, Defendants filed an Answer. (Dkt. No. 10.) Plaintiff has not communicated with this Court since June 2, 2021. (Dkt. No. 23.) On April 8, 2022, the Court issued an Order directing Plaintiff to show cause, by no later than April 29, 2022, as to why this case should not be dismissed for failure to prosecute. (Order to Show Cause (Dkt. No. 24).) The Clerk of Court mailed a copy of the Order to Plaintiff. (*See* Dkt. (entry for Apr. 11, 2022).) On April 26, 2022, the mail was returned to the Clerk of Court. (*See* Dkt. (entry for Apr. 26, 2022).)

This Court has the authority to dismiss a case for failure to prosecute. *See* Fed. R. Civ. P. 41(b). Federal Rule of Civil Procedure 41(b) of the provides that a case may be involuntarily dismissed if a plaintiff "fails to prosecute or to comply with these rules or a court order." *Id.* Although Rule 41(b) expressly addresses a situation in which a defendant moves to dismiss for failure to prosecute, it has long been recognized that a district court has the inherent authority to dismiss for failure to prosecute sua sponte. *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)).

While dismissal under Rule 41(b) is subject to the sound discretion of the district courts, *see U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250–51 (2d Cir. 2004), the Second

Circuit has stated that a Rule 41(b) dismissal is a "harsh remedy to be utilized only in extreme situations," *LeSane*, 239 F.3d at 209 (internal quotation mark omitted) (quoting *Theilmann v. Rutland Hosp., Inc.*, 455 F.2d 853, 855 (2d Cir. 1972)).  However, it has also stated that the authority to invoke dismissal for failure to prosecute is "vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts."  *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982).

Before exercising its discretionary authority to dismiss for failure to prosecute, a district court should consider the following factors:

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard . . . and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.

*Hardimon v. Westchester County*, No. 13-CV-1249, 2014 WL 2039116, at *1 (S.D.N.Y. May 16, 2014) (alterations in original) (quoting *LeSane*, 239 F.3d at 209).  No single factor is dispositive.  *See LeSane*, 239 F.3d at 210; *Hardimon*, 2014 WL 2039116, at *1.

The Court concludes that these factors weigh in favor of dismissal of this Action. Plaintiff was advised twice of his obligation to promptly submit a written notification to the Court in the event that his address changed, and that failure to do so may result in dismissal of the case.  (*See* Dkt. No. 4 ("[I]t is Plaintiff's obligation to promptly submit a written notification to the Court if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so."); *see also* Dkt. No. 24 ("The Court may dismiss this case without prejudice without further notice in the event that good cause is not shown.").)  The Court's Order to Show Cause, mailed to Plaintiff on April 11, 2022, indicated that Plaintiff's failure to show cause by April 29, 2022 would result in the Court dismissing the case with prejudice without further notice.  (Dkt.

No. 24.) To date, Plaintiff has not responded to the Order to Show Cause or otherwise communicated with the Court since June 2, 2021. (*See* Dkt. No. 23.) Accordingly, the Court dismisses the Action without prejudice for failure to prosecute. *See Mena v. City of New York*, No. 15-CV-3707, 2017 WL 6398728, at *2 (S.D.N.Y. Dec. 14, 2017) (noting that "a pro se plaintiff is not exempt from complying with court orders and must diligently prosecute his case"); *Capogrosso v. Troyetsky*, No. 14-CV-381, 2015 WL 4393330, at *5 (S.D.N.Y. July 17, 2015) (finding the fact that the plaintiff "has not responded to efforts to contact her" weighs in favor of dismissal for failure to prosecute); *Savatxath v. City of Binghamton*, No. 12-CV-1492, 2013 WL 4805767, at *1 (N.D.N.Y. Sept. 9, 2013) (dismissing case for failure to prosecute after the plaintiff "neglected to comply with an order . . . requiring him to notify the court . . . as to why th[e] action should not be dismissed for failure to prosecute"); *Smalls v. Bank of N.Y.*, Nos. 05-CV-8474, 07-CV-8546, 2008 WL 1883998, at *4 (S.D.N.Y. Apr. 29, 2008) (dismissing case for failure to prosecute where the court received no communication from the plaintiffs for nearly two months); *Robinson v. United States*, No. 03-CV-1001, 2005 WL 2234051, at *2 (S.D.N.Y. Sept. 8, 2005) ("Only the [p]laintiff can be responsible for notifying the court and the [d]efendant of his updated address, and [the] [p]laintiff's failure to do so has made it impossible to provide him any notice.").

The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff, certify on the docket that it has done so, and close this case.

SO ORDERED.

Dated: May 6, 2022
      White Plains, New York

                                                          KENNETH M. KARAS
                                                     United States District Judge